### MACK v. DOCK CONTRACTOR CO.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

APPEAL AND ERROR ☞1056—PREJUDICIAL ERROR—EXCLUSION OF EVIDENCE.
 In an action against a contractor for injuries received through falling over a pipe negligently placed and maintained in the roadway, the exclusion of relevant testimony showing the actual physical condition of the street when plaintiff fell, and that other persons had tripped over the same pipe, was reversible error.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. ☞1056.]

Appeal from Trial Term, New York County.

Action by Maurice A. Mack against the Dock Contractor Company. From judgment for defendant on dismissal of the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Herman Silverman, of New York City, for appellant.
Theodore H. Lord, of New York City, for respondent.

PER CURIAM. The plaintiff's contention was that defendant had been negligent in placing and maintaining a large pipe in the roadway, close up against the curbstone. Much relevant testimony was excluded which was offered to show the actual physical condition of the street when plaintiff fell, and also that other persons had previously tripped over the same pipe. This constituted reversible error. But even after the exclusion of this testimony enough remained in the case to require the submission to the jury of the question of defendant's negligence.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. Order filed.